# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS TURNER JACKSON, II, ) | 1:08-cv-01808 YNP (DLB) (HC) |
| Petitioner, ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| v. ) | [Doc. #14] |
| TOM FELKER, Warden, ) | ORDER DISMISSING PETITION |
| Respondent. ) | ORDER DIRECTING CLERK TO ENTER JUDGMENT |
| ) | ORDER DENYING CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On October 16, 1996, Petitioner was sentenced by the Kern County Superior Court to an indeterminate state prison term of twenty-five years to life after being convicted of possession of a weapon by a prisoner and several sentencing enhancements were found true. (Mot. to Dismiss, 2; Lodged Doc. 1.)

On January 22, 1999, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Lodged Doc. 2.)

On April 28, 1999, the California Supreme Court denied review. (Lodged Docs. 4.)

State Petitions for Writ of Habeas Corpus

On September 17, 2000,[1] Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court. (Lodged Doc. 5.) The petition was denied on October 23, 2000. (Lodged Doc. 6.)

On May 14, 2001, Petitioner filed a second petition for writ of habeas corpus in the Kern County Superior Court. (Lodged Doc. 7.) The petition was denied on June 19, 2001. (Lodged Doc. 8.)

On July 1, 2007, Petitioner filed a third petition for writ of habeas corpus with the Kern County Superior Court. (Lodged Doc. 9.) The petition was denied on September 4, 2007. (Lodged Doc. 10.)

On September 19, 2007, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District. (Lodged Doc. 11.) The Petition was summarily denied on October 4, 2007. (Lodged Doc. 12.)

On October 14, 2007, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (Lodged Doc. 13.) The petition was summarily denied on April 9, 2008. (Lodged Doc. 14.)

Federal Petition for Writ of Habeas Corpus

On November 13, 2008, Petitioner filed a petition for writ of habeas corpus in the U.S. District Court. (Doc. #1.)

The parties consented to the jurisdiction of the federal Magistrate Judge pursuant to 28 U.S.C. § 636(c), including final disposition. (Docs. #5, 13.)

On April 2, 2009, Respondent filed a motion to dismiss claiming that Petitioner's federal petition was untimely. (Doc. #14.) Petitioner filed objections to the motion on May 14, 2009. (Doc. #19.) It is Respondent's motion to dismiss that will be considered herein.

---

[1] Unless otherwise specified, all petitions are deemed filed on the date on which they are signed pursuant to the prison mailbox rule. See Rule 3(d) for the Federal Rules Governing Section 2254 Cases; see also Houston v. Lack, 487 U.S. 266 (1988).

U.S. District Court
E. D. California

2

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act (AEDPA), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." *See* Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See, e.g.*, O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.

12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitation period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### III. Limitation Period for Filing a Petition for Writ of Habeas Corpus

The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. at 326-27; Jeffries v. Wood, 114 F.3d at 1499. As noted above, the instant petition is subject to the requirements laid out in the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. When a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the State court judgement becomes final when the 90 day period in which to file a petition for writ of certiorari has expired. Bowen v. Roe, 188 F.3d 1157, 1159 (1999); Sup. Ct. R.

13. The State supreme court denied review on April 28, 1999, at that point, Petitioner had 90 days in which to file a petition for writ of certiorari with the United States Supreme Court. When Petitioner failed to file a petition for writ of certiorari by July 27, 1999, the State judgement became final and the one-year limitation period began to run the next day, on July 28, 1999. Absent any applicable tolling, Petitioner had until July 27, 2000, by which to file a petition for writ of habeas corpus in the federal court.

**IV. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Carey v. Saffold, 536 U.S 214 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir. 2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal. 2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

The limitation period is tolled while a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). "A state post conviction petition rejected by the state court as untimely" cannot be considered "properly filed." Id.

Petitioner filed his first petition for writ of habeas corpus on September 17, 2000–52 days

after the one-year limitation period had already ended. Because all State court petitions were filed after the statute of limitations had run, none of those petitions can act to toll the already expired limitation period. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Because no tolling can be had in this matter, the one-year limitation period ended on July 27, 2000. Petitioner did not file his petition in federal court until November 13, 2008–more than eight years after the limitation period had expired. Because Petitioner did not file a federal petition within the statute of limitations, his petition is not timely.

**V. Equitable Tolling**

The limitation period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997)); Calderon v. U.S. Dist. Ctourt for the Cent. Dist. Of Cal.(Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"), *overruled on other grounds by* Calderon v. U.S. Dist. Court for Cent. Dist. Of California, 163 F.3d 530, 539 (9th Cir. 1998), *abrogated by* Woodford v. Garceau, 538 U.S. 202 (2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner bears the burden of alleging facts that would give rise to tolling. Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

The extraordinary circumstances that Petitioner asserts as grounds to receive equitable tolling are identical to the claims in his actual petition. The constitutionality of Petitioner's sentence does not impact his ability to file a timely federal petition. Petitioner does not present to the Court any extraordinary circumstances that prevented him from filing his petition within the one-year limitation period; therefore, Petitioner cannot receive equitable tolling.

### CONCLUSION

Petitioner did not file his federal petition for writ of habeas corpus within the one-year

limitation period. Petitioner cannot receive statutory or equitable tolling to bring his filing within the limitation period. Because Petitioner's federal filing was untimely, it must be dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

  (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

  (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's

determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DENIES Petitioner certificate of appealability.

**ORDER**

1. Respondent's Motion to Dismiss is hereby GRANTED;

2. Petitioner's petition for writ of habeas corpus is hereby DENIED;

3. The clerk of the court is hereby DIRECTED to enter judgment; and

4. Certificate of appealibility is hereby DENIED.

IT IS SO ORDERED.

**Dated:   February 24, 2010**          **/s/ Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE